IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RIGOBERTO MATA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv149 |
| DEREK EDGE | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rigoberto Mata, Jr., an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The Magistrate Judge recommends that the petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner challenges a conviction for conspiracy to launder money. He asserts the following grounds for review: (a) there was insufficient evidence to support the conviction; (b) the prosecution intentionally distorted the facts of his case because he elected to go to trial; (c) he received ineffective assistance of counsel and (4) the trial court was biased against him. The Magistrate Judge concluded petitioner's grounds for review could not be asserted in a § 2241 petition because they were not (1) based on a Supreme Court decision that is retroactively applicable on collateral review and establishes petitioner may have been convicted of a nonexistent offense and (2) foreclosed by applicable circuit law at the time when they could have been asserted in petitioner's trial, direct appeal or first motion to vacate filed pursuant to 28 U.S.C. § 2255.

In his objections, petitioner argues that he should be able to assert his grounds for review in a § 2241 petition. He states his conviction constituted a complete and fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. He also asserts that under the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Trejo*, 610 F.3d 308 (5th Cir. 2010), which was issued 12 month after his trial, the jury could not have concluded he acted with the required *mens rea* to support his conviction.

Petitioner's objections are without merit. A claim that a prisoner is actually innocent because the conduct he engaged in no longer constitutes a crime provides a basis for relief under § 2241 only if the argument is based on a retroactively applicable decision of the Supreme Court. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner has cited no retroactively applicable decisions of the Supreme Court that were decided after his trial and support his arguments. *Trejo*, the decision petitioner primarily relies on in support of his claim of actual innocence, is a decision of the Fifth Circuit rather than the Supreme Court. As a result, it does not provide petitioner with a basis for relief in this proceeding.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

**So Ordered this**
**Oct 10, 2017**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE